ORIGINAL

David S. Kupetz (CA Bar No. 125062)
Email:dkupetz@sulmeyerlaw.com
Marcus A. Tompkins (CA Bar No. ...)
Email:mtompkins@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

MISC 07 0030 S

Attorneys for Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company, Plaintiffs

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>USA Investment Partners, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. EDCV07-0343 SGL (JCRx)<br><br>**~~[Proposed]~~ ORDER APPOINTING TEMPORARY RECEIVER, TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED**<br><br>**Date:** [To Be Set]<br>**Time:** [To Be Set]<br>**Place:** 3470 Twelfth St., Room 134 Riverside, CA 92501<br><br>28 |

This matter came before the Court on plaintiffs' "Ex Parte Application for (1) Temporary Receiver, (2) Temporary Restraining Order, (3) Other Equitable Relief, and (4) Order to Show Cause why a Permanent Receiver Should Not be Appointed and a Preliminary Injunction Should Not Issue" (the "Application"). The Court has



(10)

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213 629.4520

diversity jurisdiction over this action and venue in this District is appropriate under 28 U.S.C. § 1391(a)(2). Based on the evidence presented, the argument of counsel, the authority submitted, being otherwise fully advised in the matter, and good cause having been shown, the Court hereby finds that:

## I. FINDINGS OF FACT

A. Defendant, USA Investment Partners, LLC, ("USAIP" or "Defendant") is a limited liability company organized under the laws of the State of Nevada. The members of USAIP are Thomas A. Hantges ("Hantges") and Joseph D. Milanowski ("Milanowski"). Hantges owns a 57% membership interest in USAIP. Milanowski owns a 43% membership interest in USAIP. Milanowski is the manager of USAIP. Hantges and Malinowski are collectively referred to herein as the "Members".

B. The plaintiffs (the 'Plaintiffs") in this action are Placer County Land Investors, LLC ("Placer"), SVRB Investments, LLC ("SVRB"), and Robert A. Russell ("Russell").

C. Russell, an individual, is a resident of the state of Arizona. Placer is a limited liability company organized under the laws of the state of California. The members of Placer are USAIP, Russell, and Land & Castle Investments, LLC ("L&CI"). USAIP owns an 88% controlling membership interest in Placer. Russell owns a 10% membership interest in Placer. L&CI owns a 2% membership interest in Placer. Russell has been the manager of Placer. On March 20, 2007, Russell received a letter (the "Removal Letter") from USAIP seeking to replace him as manager of Placer with USAIP.

D. SVRB is a limited liability company organized under the laws of the state of Arizona. The members of SVRB are USAIP and Russell. USAIP owns a 50% membership interest in SVRB. Russell owns a 50% membership interest in SVRB. Russell is a manager of SVRB.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

E. The primary assets of USAIP are equity interests in entities that own real estate development projects in various stages of development, primarily located in California and substantially located within the judicial district of this Court.

F. Currently, entities affiliated with the members of USAIP are the subject of bankruptcy cases (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Nevada. These entities include USA Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, LLC ("USACRA"), USA Securities, LLC ("USAS"), USA Capital First Trust Deed Fund ("First"), and USA Capital Diversified Trust Deed Fund, LLC ("Diversified").

G. On January 3, 2007, the Honorable Linda B. Riegle, United States Bankruptcy Judge in the jointly administered Bankruptcy Cases entered a temporary restraining order with regard to an entity (HMA Sales, LLC) in which USAIP holds a 90% equity interest.

H. Prior to the commencement of the Bankruptcy Cases, USAIP had received financial support in the way of transfers and loans from USACM and some of the related entities that are debtors in the Bankruptcy Cases. Subsequent to the commencement of the Bankruptcy Cases, such support was not provided.

I. Hantges and Milanowski are the subject of an investigation requested by the United States Securities and Exchange Commission (the "SEC") and conducted by the Federal Bureau of Investigation (the "FBI") in connection with the business and operations of USAIP and various related entities.

J. USAIP is controlled by Hantges and Milanowski. The Members have admitted to Plaintiffs that during the pendency of the ongoing investigation by the SEC and/or the FBI relating to their activities, they have been and will continue to be precluded from effectively managing the operations of USAIP.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

K. USAIP has substantial liabilities under guarantees of loans made to entities in which USAIP holds a membership interest. USAIP is also obligated to Diversified pursuant to a loan that may amount to as much as $75 million or more. This loan is secured by a general pledge of the membership interests held by USAIP.

L. USAIP has significant unpaid, delinquent obligations, including those owing to Plaintiffs, and unperformed commitments, including those made to Plaintiffs.

M. Parties, including Plaintiffs, with claims against USAIP and/or with equity interests in entities in which USAIP also holds an equity interest face imminent and irreparable harm to their opportunity for recovery on their claims and/or equity interests. The assets of USAIP are at risk as long as USAIP remains under the control of the Members.

N. USAIP is unable to effectively function and the assets of USAIP are diminishing in value as a result of the lack of any party currently in a position to control the direction and operations of USAIP. Loans with respect to real estate development projects owned by entities in which USAIP holds membership interests, including entities in which Plaintiffs also hold membership interests, are delinquent, real property taxes and other obligations owing with respect to such projects are also delinquent.

O. Various real estate development projects owned by entities in which USAIP owns membership interests, including those in which Plaintiffs also own membership interests, are in need of refinancing.

P. In its current state, USAIP is unable to obtain refinancing, perform its obligations or meet its commitments to its creditors, including Plaintiffs.

Q. The Removal Letter received by Placer from USAIP on March 20, 2007, threatens Placer with severe, immediate and irreparable harm. With its

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213.629.4520

Case 1:07-mc-00030-S-LDA Document 1 Filed 04/03/2007 Page 5 of 23

Members under criminal investigation, USAIP is not capable of effectively managing Placer.

R. Unless control of USAIP is promptly removed from Milanowski and Hantges, Placer and all other creditors or USAIP and all parties with equity interests in entities owning real estate in which USAIP also holds an equity interest are faced with severe, immediate and irreparable harm.

S. An injunction is necessary to enjoin all but the Court from exercising control of the Property (defined in paragraph 1 below) of the Receivership Estate (defined in paragraph 1 below), and to prevent interference with this Court's exclusive custody over the Property of the Receivership Estate.

T. This Court holds the Property in custodia legis, and based on the common law standards pertinent to Receiverships and Injunctions:

a. any interference with the Court's custody of the Property will result in real, immediate, and irreparable injury;

b. after the Receiver has filed its preliminary report pursuant to paragraph 7 below, the Receiver will be able to demonstrate a reasonable probability of success on the merits with regard to protecting the interests of creditors of USAIP and preserving and protecting the Property;

c. there is no plain, speedy, and adequate remedy at law to preserve the Property and to protect it from waste absent the entry of an Injunction; and

d. An Injunction will protect the Property and will not disserve the public interests.

U. An Equitable Stay is necessary to prevent courts of other jurisdictions from instructing the Receiver without application to this Court.

V. This Court finds that Waverton Group, LLC, a Colorado limited liability company, with offices at 4101 East Louisiana Avenue, Suite 300, Denver,

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

Colorado, 80246, is qualified and suitable to be appointed as Receiver for Defendant.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

## II. APPOINTMENT OF TEMPORARY RECEIVER

1. Waverton Group, LLC, is appointed Temporary Receiver over Defendant and the assets of Defendant (the "Property"), with such appointment to take effect immediately and to continue, subject to further Order of this Court, for a period no longer than the next Motion Day following the expiration of twenty (20) days after the date of appointment. The Property and the claims against the Property (the "Claims") shall be collectively referred to herein as the "Receivership Estate."

2. Before entering upon its duties, the Temporary Receiver shall be sworn to faithful performance (the "Oath"), a receiver's bond (the "Bond") in the amount of $______ [$500,000.00] shall be filed with the Clerk of this Court, and the Temporary Receiver shall be qualified to do business in the State of California. The Bond shall be maintained until further order of this Court. The Receivership Estate shall bear the expense of purchasing and maintaining the Bond.

3. The Temporary Receiver is hereby directed and empowered to take immediate control of the Property for this Court to hold the Property *in custodia legis*. The Temporary Receiver shall manage and preserve the Property, subject to this Order, further Orders, and Instructions exclusively from this Court, subject to the exclusive supervision and exclusive control of this Court.

4. In the Application and the Declarations submitted therewith, the Plaintiffs have shown good cause that the Court should appoint the Temporary Receiver without notice to creditors and make the appointment temporary under L.R. 66-1.

5. The Court hereby Orders all parties to this Receivership Action and all known creditors of the Defendant to show cause why the appointment of the Temporary Receiver should not be made permanent. The Temporary Receiver is

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213.629 4520

instructed to serve a copy of this Order upon all parties to this Receivership Action and all known creditors of the Defendant within twenty (20) days after the date this Order is entered.

6. The Temporary Receiver's appointment hereunder shall continue until the next Motion Day following the expiration of twenty (20) days after the date of entry of this Order (April 23, 2007) at 10 a.m. On the Motion Day, this Court will determine whether the appointment of the Temporary Receiver shall be made permanent.

7. The Temporary Receiver is hereby Instructed to file with this Court and serve upon the parties to this Receivership Action, within twenty (20) days after the date this Order is entered, a preliminary report setting out the identity, location, and value of the Receivership Assets and any liabilities pertaining thereto. Further, at the time the Temporary Receiver makes its preliminary report, the Temporary Receiver shall make recommendations to the Court, including a recommendation whether, based on its preliminary report, the Temporary Receiver should be made permanent. After providing the parties and creditors of USAIP an opportunity to be heard, this Court will determine whether to accept the Temporary Receiver's recommendation.

## III. POWERS OF THE TEMPORARY RECEIVER

8. The Temporary Receiver is hereby given the powers and authority usually held by receivers and reasonably necessary to accomplish the purpose of this Receivership including, without limitation, the specific power to:

a. take immediate control of the Receivership Estate, to the exclusion of all others;

b. take control of the Receivership Estate, and manage and preserve the Receivership Estate as reasonably necessary to maximize the value and prevent diminution of the value of the Receivership Estate;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

c. retain security personnel as necessary to secure the Receivership Estate;

d. manage, operate, rent, maintain, lease, protect, and otherwise control the Receivership Estate;

e. collect rents and revenues, income, profits, and other benefits from the operation and management of the Receivership Estate;

f. pay taxes, insurance, utility charges, rent and other expenses and costs reasonably incurred in managing and preserving the Receivership Estate;

g. hire, on a contract basis wherever possible, or as employees where required by applicable federal law, the personnel necessary to manage and preserve the Receivership Estate;

h. contract for and obtain such services, utilities, supplies, equipment, and goods as are reasonably necessary to manage and preserve the Receivership Estate and to make such repairs to the Property as the Temporary Receiver may reasonably deem necessary provided that no contract shall extend beyond the termination of the Receivership without the permission of the Court;

i. make, enforce, modify, negotiate, and enter into such leases (including equipment leases), contracts and concession agreements as the Temporary Receiver may reasonably deem appropriate to manage and preserve the Receivership Estate provided that no such lease, contract, or agreement shall extend beyond the termination of the Receivership without the permission of the Court;

j. open, transfer, and change all trade accounts relating to the Receivership Estate, so that all such accounts are in the name of the Receiver;

k. open, transfer and change all bank accounts relating to the Receivership Estate, so that all such accounts are in the name of the Receiver;

l. close USAIP's bank account or accounts and transfer the funds to a bank account in the name of the Temporary Receiver;

m. invest the capital of the Receivership Estate, without the permission of the Court, in savings accounts or in securities backed by the full faith and credit of the United States;

n. obtain and renew all insurance policies that the Temporary Receiver deems reasonably necessary to manage and preserve the Receivership Estate and the interest of the Temporary Receiver and the parties to this action;

o. enter into contracts for those services reasonably necessary to aid the Temporary Receiver in the administration of the Receivership, including the retention of attorneys and accountants, with all reasonable expenses incurred in connection therewith deemed to be expenses of the Receivership, provided that no such contract shall extend beyond the termination of the Receivership without the permission of the Court;

p. borrow from the parties and the claimants of USAIP on an unsecured basis and on such other reasonable terms as may be acceptable to the Temporary Receiver, funds to meet the capital needs of the Receivership Estate in excess of the income from the Receivership Estate;

q. Issue Receiver's Certificates in exchange for funds advanced by the parties, Claimants, or third parties during the term of this receivership, provided that the Temporary Receiver shall give notice to all parties who have entered an appearance in this action and obtain

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

Case 5:07-cv-00343 ... Document 10 Filed 04/03/2007 Page 10 of 22

prior approval of this Court. Such receiver's certificates shall be a first and prior lien and a preference claim upon the Estate, or a portion of it at the Temporary Receiver's election;

r. Apply for, obtain, maintain, and renew as reasonably necessary all trademarks, copyrights, patents, licenses, and permits required for the operation of the Receivership Estate. Licenses and permits shall be obtained in the name of USAIP wherever possible, and where not possible, in the name of the Temporary Receiver;

s. institute such legal actions as the Receiver deems reasonably necessary to collect accounts and debts, enforce agreements relating to USAIP and the Receivership Estate, to protect the Property, and to recover possession of the Property or USAIP from persons who may now or in the future be wrongfully possessing or occupying the Property or USAIP, or any part thereof;

t. to take control of any remaining books and records of Defendant (the "Records"); and

u. do such other lawful acts not inconsistent with the Order as the Temporary Receiver reasonably deems necessary to manage and preserve the Receivership Estate and to perform such other functions and duties as may from time to time be required and authorized by this Court, by the laws of the state of California or by the laws of the United States of America.

## IV. TEMPORARY RESTRAINING ORDER

9. Except as may be expressly authorized by this Court upon notice and a hearing, Plaintiffs, Defendant, and all people, entities, and agencies with actual notice of this Order are enjoined from:

b. collecting the Property, or any proceeds, revenues, accounts, issues, profits or other revenues thereof;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

c. withdrawing funds from any bank or other depository account belonging to the Receivership Estate;

d. terminating or causing to be terminated any license, permit, lease contract or agreement relating to the Property;

e. altering, erasing, or destroying any Records without the prior written consent of the Temporary Receiver;

f. holding themselves out as, or acting or attempting to take any and all actions of any kind or nature as officers, employees, representatives, or principals of USA Investment Partners, LLC, or the Receivership Estate; and

g. otherwise interfering with the operation of the Receivership Estate or the Receiver's exercise of any power hereunder or the Temporary Receiver's discharge of his duties.

h. Upon receipt of a copy of this Order, or upon actual knowledge of the entry of this Order, any other person or business entity shall also be bound by this Paragraph 9.

10. Except as may be expressly authorized by the Temporary Receiver or by this Court, no person may buy, sell, or otherwise transfer any Property not in the control of the Temporary Receiver.

11. All actions that purport to seek equitable relief against the Temporary Receiver or the Receivership Estate are hereby stayed regardless of venue or jurisdiction. The Temporary Receiver is instructed to file a Request for an Order to Show Cause with this Court if any business or person files any pleading in any other court seeking equitable relief against the Receiver or the Property without first seeking relief from this stay.

12. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, to the extent such actions and proceedings interfere with this Court's exclusive control

over USAIP or any of its Assets, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

13. The stay in this Order does not apply to the assets currently under the control of the Bankruptcy Cases. The Temporary Receiver is instructed to prepare the appropriate pleadings and appear before Judge Riegle in the Bankruptcy Cases for the purpose of requesting Judge Riegle to dissolve the TRO in the Adversary Action to the extent, if any, that it relates to Assets of the Receivership Estate, thereby enabling this Court to complete its jurisdiction over the Assets of the Receivership Estate.

## V. TURNOVER OF ASSETS

14. All persons and entities now or hereafter in possession of Property shall forthwith surrender such control and possession to the Temporary Receiver. Without limiting the generality of the foregoing, Plaintiffs, Defendant, and all persons and entities in active concert and participation with the Plaintiffs and Defendants, shall deliver to the Temporary Receiver all Property within their possession or control, including, but not limited to, tangible assets, the Records, evidence and documentation of intellectual properties owned or controlled by Defendant, computers, hard drives, backup tapes, and all other media for the Defendant computer network, all accounting records of USAIP, bank statements and records, passwords for access, checking account, check registers, copies of paid and unpaid invoices, cancelled checks and all other financial records.

15. All persons having notice of this Order, and having oral or written agreements with USAIP or statutory or regulatory mandates for the supply of goods or services, including without limitation, all computer software, communication and other data services, centralized banking services, payroll services, insurance, utility or other services to USAIP are hereby restrained until further order of this Court from discontinuing, altering, interfering with or terminating the supply of such

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

goods or services as may be required by the Temporary Receiver; and the Temporary Receiver shall be entitled to the continued use of Defendant's current telephone numbers, fax numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the entry of this Order shall be paid by the Temporary Receiver in accordance with the ordinary course of business of Defendant and such supplier, or such other practices as may be agreed upon by the Temporary Receiver and the supplier, or as may be ordered by this Court.

16. Subject to the provisions of Section VII below (Document Depository), all attorneys, accountants, engineers, scientists, and other professionals who have represented USAIP, and their representatives, are hereby Ordered to deliver immediately over to the Temporary Receiver all documents, files, and information concerning Defendant and the Property that they have in their possession or control. Any claims for non-payment for services shall be presented as a claim against the Receivership Estate and shall not be used as a defense to turning-over as set forth in this paragraph.

17. All privileges in connection with professional representation of Defendant and the Property shall accrue to the sole benefit of the Temporary Receiver and the Receivership Estate and may only be waived by the Temporary Receiver with the consent of this Court.

18. If the Temporary Receiver determines, after reasonable inquiry that a person or entity is in violation of the Turnover Order within this Order, the Temporary Receiver is Instructed to give written notice thereof to the person or entity violating the Turnover Order, with a copy of this Order attached, demanding turnover of Property. If the person or entity in possession fails or refuses to turnover the Property after receiving notice, the Temporary Receiver shall file a Request for an Order to Show Cause with this Court.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

19. Paragraphs 14 through 18 above of this Order comprise a traditional Turnover Order, and as such, are Case Management Orders and not Injunctions.

## VI. DOCUMENT DEPOSITORY

20. In order to (a) establish a uniform method of identifying documents for use in all proceedings related to this Receivership Action, including the Bankruptcy Cases; (b) to minimize duplication of production efforts requesting and producing parties; (c) to ensure the continued existence of relevant documents; and (d) to reduce the aggregate costs of producing and maintaining documents, the Temporary Receiver is Instructed to establish a depository for documents (the "Document Depository").

21. For the purposes of this Order, the term "Document" shall mean documents directly or indirectly related to this Receivership Action and the Bankruptcy Cases that are in the possession of the Defendant and the Members on the date of this Order, and shall include every tangible object capable of making a truthful statement covered by the definitions of writing, recording, photographs, originals, and duplicate in Rule 1001 of the Federal Rules of Evidence.

22. The Document Depository shall consist of a facility designated by the Temporary Receiver and located within this District under the control of the Temporary Receiver in which all Documents will be stored until further Order of the Court.

23. The Plaintiffs, the Temporary Receiver, and the Members shall designate Documents subject to a claim of privilege, immunity, or confidentiality that are to be placed into the Document Depository under seal (the "Sealed Documents"). The Sealed Documents placed into the Document Depository seal shall only be unsealed pursuant to an Order of this Court.

24. Any Sealed Document placed into the Document Depository and designated by the Members as subject to a direct or joint claim of privilege, immunity, or confidentiality in favor of the Members shall be segregated from all

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213 626.2311 • FAX 213 629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626.2311 • FAX 213.629.4520

other Documents within the Document Depository. Any person, entity, or agency desiring to inspect these Documents shall do so only after making such request of this Court and giving prior notice to the Temporary Receiver and the Members.

25. If any criminal proceeding is commenced against the Members or the Defendant, any person, entity, or agency requesting permission to inspect the Sealed Documents shall do so only after making such request of this Court and the tribunal with jurisdiction over the criminal proceeding, and after giving prior notice to the Temporary Receiver and the Members of the request to inspect the Sealed Documents.

## VII. <u>JUDICIAL IMMUNITY</u>

26. In accordance with Local Rule 66-6, the Receiver shall prepare and file with the clerk's office routine reports.

27. The Temporary Receiver shall prepare and file, under oath, a true and complete inventory of the Property within thirty (30) days after the date of this Order, specifically setting forth therein any qualifications, limitations, or restrictions on the inventory as filed.

28. The Temporary Receiver shall enjoy the limited judicial immunity usually applicable to receivers. All who are acting, or have acted, on behalf of the Temporary Receiver at the request of the Temporary Receiver are protected and privileged with the same limited judicial immunity of this Court as the Temporary Receiver has. In order to avail the agents of the Temporary Receiver with these protections and privileges, the Temporary Receiver should file a notice of the agency with this Court.

## VIII. <u>ORDER TO SHOW CAUSE RE APPOINTMENT OF PERMANENT RECEIVER AND RE PRELIMINARY INJUNCTION</u>

29. Defendant and creditors of Defendant are ordered to show cause, if any, why a Permanent Receiver should not be appointed in this case and that Defendant

shall appear at a hearing (the "Show Cause Hearing") before this Court on 4-4-07 2007, at 1:30 P.M., in Courtroom #1.

[X] **The United States Courthouse located at** 3470 Twelfth Street, Riverside, California

[ ] **The Robal Federal Building and Courthouse located at 255 East Temple Street, Los Angeles, California.**

It is further ordered that at the Show Cause Hearing, pursuant to Fed. R. Civ. P. 65(b), Defendant and any creditors of Defendant shall show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendant, continuing the injunctive relief set forth in this Order.

30. In support of its request for a Preliminary Injunction, Plaintiffs or the Temporary Receiver may submit supplemental evidence discovered subsequent to the filing of the Application for a Temporary Receiver and a TRO, as well as a supplemental memorandum. Such documents shall be filed and served by no later than 4:00 p.m. on the sixth court day prior to the Show Cause Hearing as scheduled above. Such documents may be served on the Defendant by faxing or delivering the documents to the attorney for the Defendant. It is further ordered that Defendant and/or creditors of the Defendant shall file and serve any opposition to the issuance of a Preliminary Injunction and the appointment of a Permanent Receiver, including any declarations, exhibits, memoranda or other evidence on which they may intend to rely, and any objections to any evidence submitted by Plaintiffs or the Receiver, by no later than 4:00 p.m. on the fourth court day prior to the Show Cause Hearing. Such documents may be served by fax upon the Plaintiffs' counsel or by personal delivery.

31. There will be no direct examination of witnesses at the Show Cause Hearing in this matter. Direct testimony shall be presented in the form of declarations or affidavits.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

## IX. MANAGEMENT OF THE RECEIVERSHIP ESTATE

32. The Temporary Receiver shall operate the Receivership Estate consistent with this Order, further Orders of this Court, and Instructions from this Court. The Temporary Receiver's primary function is to preserve and protect the Property. To the extent the Temporary Receiver, in its business judgment, believes it is necessary to operate USAIP in order to properly preserve and protect the Property, the Temporary Receiver is hereby authorized to do so.

33. If the Temporary Receiver intends to operate the Receivership Estate, the Temporary Receiver shall include this decision and its support for this decision in the Temporary Receiver's inventory report as required by paragraph 7 above.

34. In operating the Receivership Estate, the Temporary Receiver shall not engage in speculation with the Property, nor shall the Temporary Receiver engage in new business ventures.

35. In situations where the Temporary Receiver believes it is necessary or desirable to liquidate any particular asset, the Temporary Receiver shall first request an Order of this Court approving the sale of the asset. With such approval, the Temporary Receiver shall sell the asset with reasonable dispatch and convert the asset into money, discharge all reasonable expenses, costs, and disbursements in connection with the sale of that asset to the extent possible.

36. All sales by the Temporary Receiver are in the nature of Judicial Sales, and as such the Temporary Receiver shall follow the common law rules applicable to Judicial Sales in conducting any sale of Property.

37. No sale of Assets shall be final until confirmed by Order of this Court.

38. The Temporary Receiver need not obtain prior Court approval to sell or otherwise dispose of any tangible personal Property having a depreciated aggregate value, as reflected on Defendant's books of less than $50,000;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629 4520

39. The Temporary Receiver may conduct a private or public sale, provided that all sales by the Temporary Receiver shall be subject to competitive bid except sales of Property under paragraph 34 above.

40. Any Claimant wishing to bid-in its Claim shall submit an offer specifying the components of the bid within twenty days of the Temporary Receiver's request to this Court to conduct a sale of Property. The Temporary Receiver or any party to this Receivership Action shall file objections to the bid, if any, within fifteen days thereafter.

41. By execution of this Order, the Court terminates the Members' responsibility and authority over the Property. The Members shall reasonably cooperate with the Temporary Receiver in connection with all matters regarding transition, operation of the Receivership Estate, and sale of Property. The Members shall make themselves available to assist the Temporary Receiver during normal business hours, upon reasonable notice, for a period not to exceed thirty days. For this work, the Members shall be compensated as set forth in paragraph 46 below.

42. The Temporary Receiver is hereby authorized to apply the capital of the Receivership Estate and the revenues collected by the Temporary Receiver in connection with the management and operation of the Receivership Estate in the following order of priority:

a. First, to pay the cost of the Bond;

b. Second, to pay the Temporary Receiver's time charges incurred in connection with this Receivership and to prepay or reimburse the out-of-pocket expenses of the Temporary Receiver; and

c. Third, to pay the necessary and reasonable costs of managing and preserving the Receivership Estate, including the fees of the professionals engaged by the Temporary Receiver.

d. Fourth, to repay any Receiver's Certificates, with interest as provided for therein.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213.629.4520

e. All funds in possession of the Temporary Receiver after satisfaction of the foregoing obligations shall be invested by the Temporary Receiver and held pending further order of this Court.

43. The Temporary Receiver's compensation for services under this Order and the Temporary Receiver's reasonable out-of-pocket expenses shall be prepaid or reimbursed pursuant to Waverton Group, LLC's Standard Hourly Rates as previously submitted to this Court.

44. The Temporary Receiver shall file on at least a quarterly basis an application for approval of the disbursements for professional fees and expenses to himself or others. The Temporary Receiver may pay up to 90% of the professional fees to himself or others and 100% of the expenses on a monthly basis, provided itemized statements are made on a monthly basis and filed under Notice in this Receivership Action.

45. Any provision of law to the contrary notwithstanding, the Temporary Receiver is the only acting Manager of Defendant until further order of this Court.

46. The Temporary Receiver is authorized, without breaching the peace and if necessary with the assistance of local peace officers or U.S. Marshals, to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of Receivership Assets or Records.

47. The Temporary Receiver shall endeavor to wind up the Receivership expeditiously.

## X. FEDERAL AND STATE TAX INCOME TAX LIABILITY

48. USAIP, as a limited liability company, has no direct liability for the payment of federal or state income taxes. That liability falls to the Members.

49. In order to enable the payment of federal and state income taxes generated by the sale of Property in the form of real estate, the Temporary Receiver shall, within thirty days after the sale of Property in the form of real estate, perform

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629 4520

a good-faith calculation of the highest possible taxable income from that sale and pay to the Members from the proceeds of the sale an amount equal to the highest possible taxable income.

## XI. EFFECT OF THIS ORDER IN THE EVENT OF APPOINTMENT OF PERMANENT RECEIVER

50. Subject to further orders of this Court, in the event that the Temporary Receiver is appointed as the Permanent Receiver in this action, all terms and provisions of this Order shall continue and remain in full force and effect.

DATED: 3-27-07

UNITED STATES DISTRICT COURT JUDGE
STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

Presented by:

**Sulmeyer**Kupetz
a Professional Corporation

By
David S. Kupetz
Attorneys for Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company, Plaintiffs

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406.

On March 23, 2007, I served the following document(s) described as **[PROPOSED] ORDER APPOINTING TEMPORARY RECEIVER, TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 213.629.4520. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dperez@sulmeyerlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2007, at Los Angeles, California.

Debbie A. Perez

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213 629 4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

## SERVICE LIST

VIA E-MAIL OR ELECTRONIC TRANSMISSION

Counsel for USA Investment Partners, LLC,
Joseph D. Milanowski, and Thomas A. Hantges
Russell Walker, Esq.
Woodbury & Kesler
265 East 100 South, Suite 300
Salt Lake City, Utah 84110-3358
Email Address: rwalker@woodburykesler.com

Counsel for USA Investment Partners, LLC
and Joseph D. Milanowski
Dough Griffith, Esq.
Kesler & Rust McIntyre
Bldg. 2nd Floor
68 S. Main Street
Salt Lake City, Utah 84101
Email Address: dgriffith@kessler-rust.com

Counsel for USA Investment Partners, LLC
and Joseph D. Milanowski
Kenneth M. Breen, Esq.
Fulbright & Jaworski, LLP
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
Email Address: kbreen@fulbright.com

VIA TELECOPIER

Counsel for Thomas A. Hantges
David Chesnoff, Esq.
Chesnoff & Schonfeld, APC
520 South Fourth Street
Las Vegas, Nevada 89101-6593
Telephone Number: (702) 384-5563
Fax Number: (702) 598-1425

LDA.

LEXSTAT 28 USC 754

UNITED STATES CODE SERVICE
Copyright (c) 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) Companies
All rights reserved

*** CURRENT THROUGH P.L. 110-15, APPROVED 3/23/2007 ***

TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE
PART III. COURT OFFICERS AND EMPLOYEES
CHAPTER 49. DISTRICT COURTS

**Go to Code Archive Directory for this Jurisdiction**

*28 USCS § 754*

§ 754. Receivers of property in different districts

A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this *title [28 USCS § 959]*.

Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

**HISTORY:**

(June 25, 1948, ch 646, § 1, 62 Stat. 922.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

Prior law and revision:

Based on title *28, U.S.C., 1940* ed., § 117 (Mar. 3, 1911, ch. 231, § 56, 36 Stat. 1102).

Word "action" was substituted for "suit", in view of *Rule 2 of the Federal Rules of Civil Procedure.*

*Section 117 of title 28, U.S.C.*, 1940 ed., applied to land or other property of a fixed character lying in different States within the same circuit. Words "property, real, personal or mixed, situated in different districts", were inserted to broaden the scope of this section to cover all property in different districts without respect to situs "within different states within same judicial circuit".

The revised section permits the receiver appointed by any district court to control all property of the defendant in whatever district the property is situated. The provisions of *section 117 of title 28, U.S.C.*, 1940 ed., for divesting the receiver's jurisdiction and control of property in other districts upon disapproval by the circuit court of appeals or a judge thereof of the circuit embracing the district of appointment was omitted as unnecessary in view of sections 1292 and 2107 of this title. Said section 1292 provides for review of the order of appointment and the directions of the reviewing court will control the receiver.